UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-23424-BLOOM/Otazo-Reyes

1100 MILLECENTO RESIDENCES
CONDOMINIUM ASSOCIATION, INC.,

     Plaintiff,

v.

EMPIRE INDEMNITY INSURANCE
COMPANY,

     Defendant.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Empire Indemnity Insurance Company's ("Defendant") Motion to Dismiss, ECF No. [8] ("Motion"), filed on October 15, 2021. Plaintiff 1100 Millecento Residences Condominium Association, Inc. ("Plaintiff") filed a Response in Opposition to the Motion, ECF No. [14], to which Defendant filed a Reply, ECF No. [15] ("Reply"). The Court has carefully considered the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

    **I.**    **BACKGROUND**

On June 30, 2021, Plaintiff initiated this breach of contract action against Defendant in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County. *See* ECF No. [1-2]; *see also 1100 Millecento Residences Condominium Association v. Empire Indemnity Insurance Company*, Case No. 2021-015809-CA-01 ("Circuit Court Action"). On September 24, 2021, Defendant removed this action to federal court on the basis of diversity jurisdiction. ECF No. [1].

Thereafter, Defendant filed the instant Motion seeking dismissal of the Complaint, which asserts a single claim for breach of contract. ECF No. [8].

## II. LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682).

A court considering a Rule 12(b)(6) motion is generally limited to the facts contained in the complaint and the attached exhibits, including documents referred to in the complaint that are

central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity." (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002))). "[W]hen the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007).

### III.     DISCUSSION

Defendant argues that the Complaint fails to state a cause of action for breach of contract because "it improperly seeks damages not governed by the terms and conditions of the subject insurance policy." ECF No. [8] at 1. According to Defendant, "[m]ost problematic is that the Complaint seeks damages for [Defendant's] alleged bad-faith claims adjusting and handling, but the first-party coverage has not been determined yet" and the Complaint, therefore, "amounts to a premature bad-faith cause of action." *Id.*

Plaintiff responds that the Motion should be denied because the Complaint sufficiently alleges a claim for breach of contract. ECF No. [14]. Plaintiff also maintains that, contrary to Defendant's position, "the Complaint does not allege any bad-faith claims against [Defendant] but, rather, seeks compensation for the damages the [Plaintiff] suffered as a result of [Defendant's] breach of contract for its improper denial of the [Plaintiff's] claims and failure to fully compensate [Plaintiff]." *Id.* at 1. Upon review, the Court agrees that the Complaint adequately alleges a claim for breach of contract.

Under Florida law, an "adequately pled breach of contract action requires three elements: (1) a valid contract; (2) a material breach; and (3) damages." *Friedman v. New York Life Ins. Co.*, 985 So. 2d 56, 58 (Fla. 4th DCA 2008); *Grove Isle Ass'n, Inc. v. Grove Isle Assocs., LLLP*, 137 So. 3d 1081, 1094-95 (Fla. 3d DCA 2014). Each of these elements are reflected in the Complaint:

> 6. At all material times hereto, Plaintiff entered into an insurance contract with the Insurance Company bearing the policy number: ECL9490640-03 (the "Policy"). A copy of the Policy is attached hereto as Exhibit "A."
>
> 7. The Policy is a valid contractual agreement between Plaintiff and the [Defendant].
>
> 9. On or about November 2018, Plaintiff's Property suffered substantial damages as a result of water causing damage to the Property.
>
> 14. [O]nce the Plaintiff submitted the entirety of its claim, which included exterior damage to the Property as a result of faulty workmanship which resulted in water damage, the Insurance Company denied the claim and refused to issue payment for exterior damages.
>
> 15. In accordance with the terms and conditions of the Policy, the Plaintiff complied with its post-loss obligations by, *inter alia*, opening their Property repeatedly to the Insurance Company for inspection, and participating in mediation which occurred on February 8, 2021.
>
> 16. Despite Plaintiff timely reporting the Claim and compliance with its post-loss obligations and the [Defendant's] acceptance of coverage and issuance of payment for the interior damage, the Insurance Company has failed to properly adjust the Claims, failed to timely communicate with Plaintiff, and failed to compensate Plaintiff for the damages to Plaintiff's Property.
>
> 21. The Defendant breached the Policy by failing to properly adjust the Plaintiff's Claims in accordance with the terms and conditions of the Policy and failing to compensate the Plaintiff for its Claims.
>
> 22. As a result of the [Defendant's] breaches of the Policy, the Plaintiff has suffered damages, exclusive of costs and attorneys' fees, in excess of the jurisdictional limits of this Court.

*See* ECF No. [1-2] ¶¶ 6-7, 9, 14-16, 21-22.

Additionally, contrary to Defendant's contention, it is apparent that the Complaint seeks to hold Defendant accountable for its purported breach of the Policy, rather than charge Defendant with a bad-faith claim. *Id.* Notably, even if the Complaint arguably sets forth facts for a bad faith claim, the Court will nonetheless allow Plaintiff's general allegations and breach of contract claim to proceed as drafted. *See Wilshire Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 10-23806-CIV, 2013 WL 12092532, at *7 (S.D. Fla. Apr. 10, 2013) ("The references to 'bad-faith,' if raised at trial,

Case No. 21-cv-23424-BLOOM/Otazo-Reyes

may be objectionable for relevance. However, at this point, the Court can overlook any bad faith allegations."); *Se. Distributors, Inc. v. United Specialty Ins. Co.*, No. 16-24549-CIV, 2017 WL 960300, at *7 (S.D. Fla. Mar. 13, 2017). Based on the foregoing and viewing the factual allegations in the light most favorable to Plaintiff, the Complaint sufficiently alleges a breach of contract claim against Defendant.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [8]**, is **DENIED**. Defendant shall file an Answer to the Complaint **no later than November 22, 2021**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 8, 2021.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record